Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Stephen A. Klein*
sklein@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

*Pro Hac Vice* to be filed

*Attorneys for Plaintiffs and the Classes*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASMINE MELENDEZ,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICA ORGANIC SOLUTIONS CORP,** a Florida corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

Plaintiff Jasmine Melendez ("Melendez" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant America Organic Solutions Corp ("Defendant" or "AOS") to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" ("ATDS") to the cellphones of consumers nationwide without their prior express consent; (2)

stop Defendant's practice of placing repeated phone calls to consumers on the National Do Not Call Registry who specifically request that Defendant stop calling them; (3) obtain an injunction prohibiting Defendant's continued telephone calls to consumers; and (4) obtain redress for all persons injured by Defendants' conduct.

Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION & VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceed $5 million. Further, none of the exceptions to CAFA applies.

2. This Court has personal jurisdiction over Defendant because AOS has solicited and entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or emanated from this District.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant directed the calls to this District, and because a significant portion of the wrongful conduct giving rise to this case occurred in and/or emanated from this District.

## PARTIES

4. Plaintiff Jasmine Melendez is an individual residing in Los Angeles, California.

5. Defendant AOS is a corporation incorporated and existing under the

CLASS ACTION COMPLAINT
-2-

laws of the State of Florida, whose principal place of business is 7500 NW 25th St., 240, Miami, Florida 33122.

## COMMON FACTUAL ALLEGATIONS

6. Defendant is an online vitamin supplement and medicinal corporate retailer that targets Hispanic consumers in the United States with various ailments who are looking for a holistic and organic relief.

7. AOS makes sales through television advertisements and its website, http://www.todosaludentv.com, where it gathers personal billing information, addresses, and telephone numbers from consumers.

8. After consumers make a single purchase from Defendant, they are added to AOS's telephone number call list and will receive multiple telephone calls daily solicitating the purchase of more supplements. Additionally, Defendant refuses to remove numbers from its call list, despite consumers revoking consent.

9. Unfortunately for consumers, Defendant, in an attempt to secure more business, engages in an aggressive telemarketing campaign by repeatedly making unsolicited, repetitive telephone calls to consumer's telephones using an automatic telephone dialing system ("ATDS")—often without consent and in violation of the law.

10. While autodialed calls may be made where a caller obtains prior express written consent, Defendant places these calls to telephones using an ATDS without consumer' prior written express consent in violation of the TCPA.

11. At no time did Defendant obtain prior express consent from the Plaintiffs or the members of the Classes orally or in writing to receive autodialed calls.

12. In making the phone calls at issue in this Complaint, Defendant and/or its agent utilized an ATDS. Specifically, the hardware and software used by

Defendant and/or its agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer in that it is capable of making numerous calls simultaneously, without human intervention.

13. Furthermore, Defendant repeatedly makes calls to consumers who have their numbers on the National Do Not Call Registry.

14. Defendant knowingly made, and continues to make, repeated telemarketing calls to consumers who are registered on the National Do Not Call Registry. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, it also intentionally and repeatedly violated the TCPA.

15. The calls were made by or on AOS's behalf and with its knowledge and approval. AOS knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

16. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case. In response to AOS's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring AOS to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Class, together with costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF MELENDEZ

17. Plaintiff Melendez is the owner and customary user of the cellphone number ending in 1102.

18. Plaintiff's cellphone number ending in 1102 has been registered on the

National Do Not Call registry since July 24, 2019.

19. On August 19th, 2019, Plaintiff purchased an herbal medicine from AOS in an attempt to treat her mother's illness. Unfortunately, after taking a couple doses of the medication, Melendez's mother had an adverse, allergic reaction to the medication and subsequently abandoned the medicine.

20. Around a month after the purchase, in or around September 2019, AOS began placing solicitation calls to Plaintiff, seeking to generate additional sales of its medicine.

21. Plaintiff informed the caller(s) that she was not interested and repeatedly asked to be put on Defendant's internal Do-Not-Call List, as early as September or October 2019.

22. Despite her requests, Plaintiff continued to receive repeated, unsolicited calls from several numbers registered to Defendant, and she continues to receive calls even at the time of filing her Complaint.

23. To illustrate Defendant's invasive and relentless behavior, some recent calls Plaintiff has received are documented below. During a period of approximately two months beginning November 26, 2019, Defendant called Plaintiff from the following numbers:

  a. (786) 706-5007;
  b. (786) 673-XXXX ending with the following four-digit numbers: 0156, 2711, 5354, 5351, and 5349;
  c. (442) 232-4594;
  d. (786) 692-XXXX ending with the following four-digit numbers: 9361, 9365, 9423, and 9339;
  e. (956) 431-XXXX ending with the following four-digit numbers: 0694, 0797, 0820, 0821, 0828 and 0844; and

      f.   (657) 345-XXXX ending with the following four-digit numbers: 2349, 2350, 2354, and 2359.

In a span of about two months, Plaintiff received more than 35 calls from the above numbers, all of which are owned by Defendant.  These are just some of the numbers from which Defendant has called Plaintiff non-stop since she purchased medicine from AOS.

      21.   Though all of the numbers listed are registered to AOS, many of the numbers do not connect to a representative or any active phone line, suggesting that these calls were placed using an ATDS as defined by the TCPA.

      24.   All of the calls were made by agents or employees of AOS at the direction and oversight of AOS. AOS knew about, directed, ratified, and benefitted from the calls.

      25.   Prior to receiving the above-referenced calls, Plaintiff's relationship with AOS was strictly a single purchase of supplemental pills for her mother's health.  Plaintiff never requested that Defendant place calls to her or to offer her its products, and Plaintiff has directly requested on numerous occasions that Defendant stop calling her.

      26.   Defendant has also failed to comply with the TCPA by continuing to call consumers like Plaintiff who are registered on the National Do Not Call registry after such consumers specifically request that the calls stop.

      27.   Defendant AOS was, and still is, aware that the above-described autodialed calls were made to consumers like Plaintiff who have not consented to receive them.

      28.   Likewise, Defendant was, and still is, aware that many such calls were made to consumers who were registered on the National Do Not Call registry and made explicit requests to AOS to stop the calls.

29. By making unsolicited calls as alleged herein, Defendant has caused Plaintiff and members of the Classes actual harm. This includes the aggravation, nuisance, and invasions of privacy that result from the placement of such calls, in addition to the wear and tear on their phones, interference with the use of their phones, consumption of battery life, loss of value realized for monies consumers paid to their carriers for the receipt of such calls, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their phones, including the related data, software, and hardware components.

30. To redress these injuries, Plaintiff, on behalf of herself and Classes of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls to telephones. On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized calling activities and an award of statutory damages to Class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the following Classes defined as follows:

> **Autodialed No Consent Class:** All persons in the United states who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) using the same equipment that was used to call the Plaintiff; (4) for the purpose of marketing or selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant may claim it supposedly obtained prior express consent to call Plaintiff Melendez.

> **DNC Stop Class**: All persons in the United States from four years prior to the filing of this action through the present: (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendant within a 12-month period; and (3) who requested that Defendants not call them again, (4) and who received at least one additional call from Defendants at least thirty days after requesting that Defendants not call them again.

32. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following a period of appropriate discovery regarding the purpose of the calls, any consent obtained, and any third party on whose behalf the calls were made.

33. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant has placed telemarketing calls to thousands of consumers who fall into the defined Class. The number of members of the Class and Class membership can be identified through objective criteria, including Defendant's phone records.

34. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained the

same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the Class Members.

35. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA. Neither Plaintiff nor her counsel has any interest in conflict with or antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

36. **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) Whether Defendant's conduct violated the TCPA;

    (b) Whether the calls were made by or on behalf of Defendant and/or whether Defendant knew about, approved, or benefitted from the calls;

    (c) Whether Defendant placed the calls using an ATDS;

    (d) Whether Defendant had any prior express written consent to place the calls; and

    (e) Whether Defendant's conduct was willful or knowing such that members of the Class are entitled to treble damages.

37. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

38. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227,** *et seq.*
**On behalf of Plaintiff and the Autodialed No Consent Class**

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. Defendant made unsolicited and unwanted autodialed telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate leads for Defendant's supplement products and other natural supplements.

41. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

    (A)   By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system; and

    (B)   The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

42. Further, Defendant made the autodialed telephone calls using equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, simultaneously and without human intervention.

43. By making unsolicited telephone calls to Plaintiff and members of the No Consent Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

44. As a result of Defendant's unlawful conduct, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited autodialed telephone calls on their cellular telephones and, under Section 227(b)(3), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

45. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

# SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*, Do Not Call Registry
### On behalf of Plaintiff and the DNC Stop Class

46. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

48. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

49. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel

engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request….

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

50. Defendant violated 47 C.F.R. §64.1200 by initiating calls for

telemarketing purposes to residential telephone subscribers such as Plaintiff and members the DNC Stop Class who were registered on the national do not call registry and who specifically told Defendant to stop calling them, and who received two more calls within a 12-month period from Defendants after informing Defendant to stop calling them.

51. Defendant also violated 47 C.F.R. § 64.1200(d) by initiating these telemarketing calls to Plaintiff and members of the DNC Stop Class without instituting procedures that comply with minimal regulatory standards, including having a written policy for maintaining a list of persons who request not to receive telemarketing telephone calls, and by not informing and training its personnel or agents engaged in telemarketing in the existence and use of any such do-not-call policy or list.

52. As a result of Defendant's unlawful conduct, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(C)(5), Plaintiff and each member of the DNC Stop Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

53. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the DNC Stop Class.

54. Plaintiff is also entitled to appropriate injunctive relief and corresponding declaratory relief requiring Defendant to implement do not call procedures and to cease making repeated unsolicited calls to numbers listed on the national Do Not Call registry who specifically told Defendant to stop calling them.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An injunction requiring Defendant to cease all repeated calls to consumers whose numbers are listed on the Do Not Call Registry;

D. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

E. An award of trebled damages if willful or knowing violations are shown;

F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G. Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 16, 2020

**JASMINE MELENDEZ,** individually and on behalf of all others similarly situated,

By: /s/ Aaron D. Aftergood

One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**

CLASS ACTION COMPLAINT
-15-

1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Stephen Klein*
sklein@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*
*pro hac vice application to be filed